2. The taking of it was unlawful, and it must be restored to the assignee, or, if any part of it was not restored, the parties concerned in taking it must account for its value as of the time when it was taken.

[Cited in Re Hufnagel, Case No. 6,837.]

[In the matter of Israel M. Rosenberg, a bankrupt.]

T. Burwell, for assignee in bankruptcy.

M. J. Friedlander, for defendants.

BLATCHFORD, District Judge. The bankrupt filed his voluntary petition in bankruptcy in this court, on the 24th of December, 1868. Horace Bedell was appointed his assignee on the 3d of February, 1869. In October, 1868, Mrs. Adele Gilbert loaned to the bankrupt the sum of $250, no time of repayment being agreed upon. On the 17th of December, 1868, she loaned to the bankrupt the further sum of $1,000, on the security, then and there given, of a chattel mortgage, executed by the bankrupt to her, on certain household furniture of his. The loan of the $1,000 was made on the condition that the mortgage should secure the payment not only of the $1,000, but of the $250 previously lent. The mortgage was so drawn, and the amount secured by it was made payable on demand, and it was duly filed in the proper office. On the 5th of February, 1869, the mortgagee demanded payment from the bankrupt of the amount secured by the mortgage. On the 8th of February, 1869, Mrs. Gilbert assigned the mortgage to Joseph A. Salomon, and Salomon then and there paid to her, as the consideration therefor, the sum of $1,250. Subsequently, Salomon obtained possession of the mortgaged property, it having been removed from the possession of the bankrupt without the consent or knowledge of the assignee in bankruptcy. What has since become of the property does not appear. The assignee in bankruptcy now presents a petition to this court, claiming that the mortgage is void as to the creditors of the bankrupt, and praying that it may be set aside as fraudulent and void, and that the property may be put into his possession, and be sold for the benefit of the creditors of the bankrupt. Mrs. Gilbert and Salomon and the bankrupt have appeared, and answered the petition, and proofs have been taken, on a reference for that purpose.

The mortgage to Mrs. Gilbert, so far as concerns the $1,000 of the amount secured by it, is not shown not to have been made in good faith. It was made for a then present consideration of $1,000 loaned, and was given as security for the debt thus created, and was, in all respects, otherwise valid, and was recorded pursuant to the statute of the state of New York. It must, therefore, under the 14th section of the bankruptcy act, be held to be a valid mortgage, as against the assignee in bankruptcy, so far as $1,000 of the amount secured by it is concerned. As to the $250 covered by the mortgage, I think the evidence fails to show that Mrs. Gilbert had reasonable cause to believe, when she received the mortgage, that it was made in fraud of any provision of the bankruptcy act. It must, therefore, stand as a valid mortgage for the whole amount secured by it. But, while the amount secured by the mortgage must be paid out of the proceeds of the property, if they are sufficient for that purpose, the property itself must be sold in such manner as to realize the largest possible amount. It passed to the assignee in bankruptcy, and the title to it vested in him as of the 24th of December, 1868. The debt was not demanded from the bankrupt, nor was any action taken by the mortgagee to disturb the status of the property, until after the assignee was appointed. From the time of the filing of the bankrupt's petition, the property was in the custody of the court, and, at least, from the time of the appointment of the assignee, the possession of it by the bankrupt was, in law, the possession of it by the assignee. The taking of any of it under the mortgage was, after that time, unlawful, and a taking of it from the custody of this court, and of an officer thereof. Its value must be accounted for as of the time it was taken. It appears by the bankrupt's schedules that the value of the property exceeds the amount of the mortgage. The assignee in bankruptcy has a right to sell the property, if it can be restored to him in specie, and retain the surplus of its proceeds, after paying the mortgage. If it, or any part of it, shall not be restored to him, the defendants concerned in taking it, or such part of it, must account to the assignee in bankruptcy for its value, or for the value of such part of it, as of the time it was taken. If a reference is necessary to ascertain such value, it must be had before the register in charge of the case. When his report thereon shall be made, the court will make such order as shall be proper as to the payment of the mortgage.

---

## Case No. 12,056.

### In re ROSENBERG.

[3 N. B. R. 73 (Quarto, 18).][1]

District Court, S. D. New York. Aug. 4. 1869.

BANKRUPTCY—DISBURSEMENTS BY BANKRUPT'S ATTORNEYS—HOW CERTIFIED TO COURT.

Attorneys for bankrupt applied to the register for an order for the payment by the assignee, out of the assets, of a sworn bill of items of disbursements by them, of one hundred and thirty-seven dollars and sixty cents, on account of clerk's, register's, and marshal's fees, for printing in the case, to which the assignee objected that the bankrupt had paid his said attorneys five hundred dollars for their services in the case, which was intended and fully sufficient to cover all expenses. The register certified the question of payment of the bill to the court. *Held*, that the proper way to

---

[1] [Reprinted by permission.]

bring the matter before the court was by petition, either by the assignee or bankrupt's attorneys, and reference would be ordered for taking testimony.

[Cited in Re Nounnan, 7 N. B. R. 22.]

[In the matter of Myron Rosenberg, a bankrupt.]

By I. L. WILLIAMS, Register:

I, one of the registers in bankruptcy, do hereby certify to this honorable court that an application was made to me on the part of the attorneys for the bankrupt, to allow an order to be paid out of the funds in the hands of the assignee the sum of one hundred and thirty-seven dollars and sixty cents upon a bill of items, and an affidavit that such items had been disbursed by said attorneys for register's, clerk's, and marshal's fees for printing in these proceedings. The assignee appeared and opposed the allowance of the claim, setting forth and stating that seven days before the filing of the bankrupt's petition said bankrupt had paid to his said solicitors the sum of two hundred and fifty dollars on account of their services in said bankruptcy proceedings, and that on the day the bankrupt filed his said petition he had paid his said solicitors the further sum of two hundred and fifty dollars on account of the same services, claiming that said sum of five hundred dollars was sufficient compensation for the said services and disbursements. The question as to the right of the said bankrupts so to appropriate their funds, or as to where said bankrupts obtained said funds, or whether such funds were a legitimate part of the estate, that ought of right to come into his hands as assignee, was not reviewed or argued by the parties. The case as it presented itself to me for decision was, whether the sum of five hundred dollars, paid by the bankrupt to his solicitors, was a sum sufficient to cover the disbursements for officers' fees as well as for their own services rendered, and to be rendered, for said bankrupts, in and about their proceedings in bankruptcy. My doubt was whether I was authorized to take testimony as to the value of the said services, or determine the question from my own knowledge of the services of the solicitors in this case as it appears before me, or whether it was a question which the court alone has the power to dispose of. Under the provisions of section 6 of the act [of 1867 (14 Stat. 520)], I beg to submit the matter, and pray instructions from this honorable court.

BLATCHFORD, District Judge. The matter should be brought before the court by petition, either on the part of the attorneys for the bankrupt or of the assignee, and it will then be referred to the register to take testimony thereon.

ROSENBERGER (MOORE v.). See Case No. 9,774.

## Case No. 12,057.

### In re ROSENFELD.

[2 N. B. R. 116 (Quarto, 49);[1] 1 Am. Law T. Rep. Bankr. 100; 8 Am. Law Reg. (N. S.) 44.]

District Court, D. New Jersey. 1868.

BANKRUPTCY— FRAUDULENT PREFERENCES—CREDITS ALLOWED ON SALE—INSURANCE.

1. A, before insolvency, and not in contemplation of bankruptcy, indebted to B in the sum of two thousand four hundred and eleven dollars, sold to him an estate to the value of ten thousand dollars, and credited him on his books for the said sum of two thousand four hundred and eleven dollars, at the time of sale. Afterwards A, when insolvent and in contemplation of bankruptcy, had a settlement with agent of B, when the sum of two thousand four hundred and eleven dollars was deducted from the amount of purchase money. Held, that the payment was really made at the time of sale; that it was not an appropriation of payments, and that it was a legitimate transaction and not a fraudulent preference within the meaning of the bankrupt act [of 1867 (14 Stat. 517)].

2. Where specification charges that a particular debt was paid after passage of bankrupt act, and the proof shows that it was paid before, and proof is offered that there were other debts not mentioned in specifications that were paid after passage of said act, held, that the creditors are bound by the specification, and such proof is inadmissible.

[Cited in Re Jaycox, Case No. 7,239; Re Clark, Id. 2,812.]

3. Servants' wages paid after the passage of bankrupt act, as necessary family expenses, cannot be allowed as objection to discharge.

[Cited in Re Seeley, Case No. 12,628.]

4. Payments made to counsel for services "rendered and to be rendered" by bankrupt without fraud, is not a ground for refusal of discharge.

[Cited in Re Comstock, Case No. 3,074; Re Thompson, Id. 13,938; Re Boynton, 10 Fed. 279.]

[Cited in Re Parsons, 150 Mass. 345, 23 N. E. 50.]

5. Where a bankrupt, insolvent and in contemplation of bankruptcy, insured his life, it is an improper transaction.

6. Insurance made upon house and furniture in pursuance of covenants in lease is not a fraudulent preference.

[Cited in Re Seeley, Case No. 12,628.]

7. Expenditures incurred by bankrupt while insolvent, in support of family, and the evidence is silent as to their character, the court cannot admit such expenditures as a ground for refusal of discharge.

[In the matter of Isaac Rosenfeld, Jr., a bankrupt. For prior proceedings in this litigation, see Cases Nos. 12,058 and 12,059.]

Abbett & Fuller, for petitioner.

T. McCarter and Goepp & Stern, for opposing creditors.

FIELD, District Judge. This case comes now before the court, upon specifications filed by Marx & Co., creditors of the bankrupt, in opposition to his discharge. It is one of more than ordinary interest and im-

[1] [Reprinted from 2 N. B. R. 116 (Quarto, 49) by permission.]